**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FIDELITY AND DEPOSIT COMPANY OF MARYLAND,

Plaintiff,

v.

MATTHEW PAUL WELDON, Individually, and the ESTATE OF CARROLL BRYAN, by and through SAPPHIRE BRYAN, as Personal Representative.

Defendants.

Case No.:

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Fidelity and Deposit Company of Maryland ("Zurich"), by and through its undersigned counsel, and for its Complaint for Declaratory Judgment against Defendants Matthew Paul Weldon ("Mr. Weldon") and the Estate of Carroll Bryan, by and through Sapphire Bryan, as personal representative (the "Estate"), states as follows:

## I. NATURE OF THE ACTION

1. This is a coverage action seeking declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining a question of actual controversy between the parties as to what obligation, if any, Zurich has to defend or indemnify Mr. Weldon in a lawsuit filed by the Estate in the Circuit Court of

the Sixth Judicial Circuit in and for Pinellas County, Florida, captioned *Estate of Carroll Bryan, by and through Sapphire Bryan, as Personal Representative v. Matthew Paul Weldon, individually, The Chicago Trust Company, N.A., d/b/a Wintrust Wealth Management, as Trustee of the Paul J. Weldon Trust*, Case No. 26-002988-CI (the "Underlying Lawsuit").

2. Zurich seeks a declaration that it does not owe a duty to defend or indemnify Mr. Weldon with respect to the claims alleged against him in the Underlying Lawsuit.

3. There is a bona fide actual controversy and a present practical need for a declaration of the parties' respective rights, duties, and obligations under Zurich's insurance policy.

4. Zurich, Mr. Weldon, and the Estate have an actual, present, adverse, and antagonistic interest in the subject matter of this action.

5. All parties necessary for this declaration are properly before this Court.

6. All conditions precedent to this action (if any) have been satisfied, were waived, or have occurred.

## II. THE PARTIES

7. Plaintiff Zurich is a New York corporation with its principal place of business in Schaumburg, Illinois, and is therefore a citizen of New York and

Illinois.

8. Defendant Mr. Weldon is domiciled in Pinellas County, Florida, and is therefore a citizen of Florida.

9. Upon information and belief, Sapphire Bryan, personal representative of the Estate, is domiciled in Orange County, Florida, and Decedent, Carroll Bryan, Jr. ("Mr. Bryan"), was domiciled in Pinellas County, Florida, at the time of his death. Accordingly, the Estate is a citizen of Florida.

10. For purposes of 28 U.S.C. § 1332, the legal representative of the Estate is deemed to be a citizen of the same state as the decedent. Mr. Bryan was domiciled in Florida at the time of his death; therefore, the Estate is a citizen of Florida.

11. The Estate is an interested party because it seeks damages against Mr. Weldon in the Underlying Lawsuit and has a potential interest in any insurance proceeds allegedly available under the Policy. Zurich therefore seeks a declaration binding the Estate concerning Zurich's defense and indemnity obligations, if any, to Mr. Weldon.

## III. JURISDICTION AND VENUE

12. The Court has the power to hear this action for declaratory relief and declare the rights and obligations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

13. An actual justiciable controversy exists within the meaning of 28 U.S.C. § 2201 regarding the parties' rights and obligations under the Policy with respect to the allegations made in the Underlying Lawsuit.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in Pinellas County, Florida, which is within this district.

## IV. THE UNDERLYING LAWSUIT

16. On May 15, 2026, the Estate filed the Complaint in the Underlying Lawsuit against Mr. Weldon and The Chicago Trust Company, N.A., d/b/a Wintrust Wealth Management ("Wintrust") (the "Underlying Complaint"). A true and correct copy of the Underlying Complaint is attached hereto as **Exhibit A**.

17. The Underlying Complaint alleges that Mr. Weldon resided at 302 Shore Drive, Palm Harbor, FL 34683 (the "Property"). *See* Ex. A at ¶ 3.

18. The Underlying Complaint alleges that on or about May 21, 2024, Mr. Weldon murdered Mr. Bryan while on the Property. *Id.* at ¶ 20.

19. The Underlying Complaint alleges that Mr. Weldon "struck Mr. Bryan

in the back of the head with a blunt object while Mr. Bryan was on the back patio of the Property." *Id.* at ¶ 23.

20. The Underlying Complaint alleges that Mr. Weldon "hit Mr. Bryan repeatedly while he was on the ground, inflicting multiple blunt-force injuries to Mr. Bryan's head, neck, and arm." *Id.*

21. The Underlying Complaint alleges that Mr. Bryan suffered fatal injuries and died on May 21, 2024, as "a direct and proximate result" of Mr. Weldon's actions. *Id.* at ¶¶ 24-25.

22. The Underlying Complaint asserts a single cause of action against Mr. Weldon for Intentional Tort / Battery ("Count III"). *Id*. at ¶¶ 41-44.

23. Count III alleges that Mr. Weldon "intentionally and unlawfully caused the death of Mr. Bryan by striking him repeatedly in the head, neck, and arm with a blunt object, resulting in multiple blunt-force injuries that killed him." *Id.* at ¶ 42.

24. Count III alleges that Mr. Weldon's conduct "constituted a battery upon Mr. Bryan's person, resulting in Mr. Bryan's death." *Id.* at ¶ 43.

25. Count III alleges that Mr. Bryan suffered fatal injuries as a direct and proximate result of Mr. Weldon's "intentional and unlawful conduct." *Id.* at ¶ 44.

26. The Underlying Complaint seeks compensatory damages, pre- and post-judgment interest, costs incurred in the Underlying Lawsuit, and a trial by

jury on all issues triable as a matter of right. *Id.* at ¶ 44.

## V. THE POLICY

27. Zurich issued a Trust Protector Insurance Policy, policy number TPP 3801420 07, to Wintrust as the Named Insured for the period of September 15, 2023 to September 15, 2024 (the "Policy"). A certified copy of the Policy is attached hereto as **Exhibit B**.

28. The Policy provides liability limits of $1,000,000 for each "occurrence."

29. The Policy's Liability Coverage Form (U-TPP-2000-A (CW) (05/03)) provides, in pertinent part, as follows:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. Insuring Agreement
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . .
>
> * * *
>
>    b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; …

* * *

2. **Exclusions**

This insurance does not apply to:

a. **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * *

**SECTION V – DEFINITIONS**

* * *

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

21. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

Ex. B at pp. 64-65, 82, 84.

## VI. THE COVERAGE DISPUTE

30. Zurich has denied coverage to Mr. Weldon and seeks a declaration confirming that it owes no duty to defend or indemnify Mr. Weldon in connection with the claims asserted against him in the Underlying Lawsuit.

## COUNT I – DECLARATORY JUDGMENT
## NO DUTY TO DEFEND OR INDEMNIFY MATTHEW PAUL WELDON
## (NO "OCCURRENCE")

31. Zurich realleges and incorporates by reference its allegations in paragraphs 1-30 above as if fully stated herein.

32. The Policy's Insuring Agreement provides, in relevant part, that Zurich "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies." Ex. B at pp. 64-65.

33. The Policy's Insuring Agreement provides, in relevant part, that the Policy "applies to 'bodily injury' … only if: (1) The 'bodily injury' … is caused by an 'occurrence'…" *Id.* at p. 65.

34. The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at p. 84.

35. The Underlying Complaint asserts a single cause of action against Mr. Weldon for Intentional Tort / Battery. *Id.* at Count III, ¶¶ 41-44.

36. The Underlying Complaint alleges that Mr. Weldon murdered Mr. Bryan, asserting that he struck Mr. Bryan in the back of the head with a blunt object while Mr. Bryan was on the back patio of the Property, then hit Mr. Bryan repeatedly while he was on the ground, inflicting multiple blunt-force injuries to Mr. Bryan's head, neck, and arm. Ex. A at ¶¶ 20, 23, 42.

37. The Underlying Complaint alleges that Mr. Weldon "intentionally and unlawfully caused the death of Mr. Bryan…" and Mr. Bryan's fatal injuries were a direct and proximate result of Mr. Weldon's "intentional and unlawful conduct" according to the Underlying Complaint. *Id.* at ¶¶ 42, 44.

38. The Underlying Complaint therefore does not allege "bodily injury" caused by an "occurrence," and Zurich thus owes no duty to defend or indemnify Mr. Weldon in connection with the Underlying Lawsuit.

**<u>COUNT II – DECLARATORY JUDGMENT</u>**
**NO DUTY TO DEFEND OR INDEMNIFY MATTHEW PAUL WELDON**
**(EXPECTED OR INTENDED INJURY EXCLUSION)**

39. Zurich realleges and incorporates by reference its allegations in paragraphs 1-30 above as if fully stated herein.

40. Exclusion 2 of the Policy's Bodily Injury and Property Damage Liability Coverage Part (the "Expected Or Intended Injury Exclusion") provides that the insurance does not apply to, "'Bodily injury' ... expected or intended from the standpoint of the insured…" Ex. B at p. 82.

40. The Underlying Complaint alleges that Mr. Weldon murdered Mr. Bryan, asserting that he struck Mr. Bryan in the back of the head with a blunt object while Mr. Bryan was on the back patio of the Property, then hit Mr. Bryan repeatedly while he was on the ground, inflicting multiple blunt-force injuries to Mr. Bryan's head, neck, and arm. Ex. A at ¶¶ 20, 23, 42.

41. The Underlying Complaint alleges that Mr. Weldon "intentionally and unlawfully caused the death of Mr. Bryan…" and Mr. Bryan's fatal injuries were a direct and proximate result of Mr. Weldon's "intentional and unlawful conduct" according to the Underlying Complaint. *Id.* at ¶¶ 42, 44.

42. Coverage for the Underlying Lawsuit is therefore precluded by the Expected Or Intended Injury Exclusion, and Zurich owe no duty to defend or indemnify Mr. Weldon in connection with the Underlying Lawsuit.

43. No other coverage part in the Policy is implicated by the allegations of the Underlying Lawsuit.

WHEREFORE, Zurich requests that this Court enter an Order granting the following relief:

A. Declaring the respective rights and obligations of the parties under the Policy;

B. Declaring that Zurich has no duty to defend Mr. Weldon with respect to the claims asserted against him in the Underlying Lawsuit;

C. Declaring that Zurich has no duty to indemnify Mr. Weldon with respect to the claims asserted against him in the Underlying Lawsuit;

D. Declaring that the Estate is bound by the Court's determination of Zurich's rights and obligations under the Policy concerning the claims against Mr. Weldon.

E. Awarding Zurich the costs of this suit; and

F. Awarding such other and further relief as the Court finds just and proper.

Dated: September 23, 2026

KENNEDYS CMK LLP

*/s/ Jedidiah Vander Klok*
Jedidiah Vander Klok, Esq.
Fla. Bar No. 84766
Kennedys CMK LLP
1111 Brickell Avenue, Suite 1300
Miami, FL 33131
Tel: 305-371-1111
jedidiah.vanderklok@kennedyslaw.com
JVKservice@kennedyslaw.com

*Attorneys for Plaintiff Fidelity and Deposit Company of Maryland*